UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 14-11638 |
| WILLIAM A. DEMMONS and KAREN S. FOWLER | |
| | Chapter 7 |
| Debtors. | |
| WILLIAM A. DEMMONS and KAREN S. FOWLER | |
| Plaintiffs, | |
| vs. | Adversary No. 15-01024 |
| R3 EDUCATION INC., d/b/a SABA UNIVERSITY SCHOOL OF MEDICINE; AMERICAN EDUCATIONAL SERVICES; NAVIENT SOLUTIONS, INC., AND NELNET, INC. | RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE |
| Defendants. | |

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW REFERENCE FILED BY DEFENDANT R3 EDUCATION, INC. d/b/a SABA UNIVERSITY SCHOOL OF MEDICINE**

**MAY IT PLEASE THE COURT:**

Defendant R3 Education, Inc. d/b/a Saba University School of Medicine ("Saba") respectfully files this Motion and Incorporated Memorandum in Support of Motion to Withdraw the Reference and would show the Court as follows:

### I. SUMMARY OF ARGUMENT

This is an action filed by Plaintiffs for a declaration that their loans are dischargeable. Defendant Saba University School of Medicine is the school that Plaintiffs attended, and is not a

NO:1451240/00041:180848v1

party to the dischargeability claims. However, in the same adversary complaint, Plaintiffs have made limited allegations against Saba, ostensibly under Louisiana state law, and have named it as a defendant. The claims against Saba are not based in the Bankruptcy Code, and the Bankruptcy Court lacks constitutional authority to adjudicate the claims. Therefore, Saba asks the District Court to withdraw the reference as to the claims against Saba only.[1]

## II. DESIGNATION OF RECORD

Pursuant to Local Rule 83.4.3, Saba designates the following items from the record:

1. Debtors' Complaint to Determine Dischargeability of Student Loans (Doc. 1)

2. Debtors' First Amended Complaint to Determine Dischargeability of Student Loans (Doc. 58)

3. Defendant R3 Education, Inc. d/b/a Saba University School of Medicine's Answer and Affirmative Defenses to Debtors' First Amended Complaint (Doc. 106)

## III. PARTIES AND COUNSEL

Pursuant to Local Rule 83.4.3, the following parties have an interest in the Motion and are represented by counsel as follows:

1. Plaintiffs William A. Demmons & Karen S. Fowler. Represented by: Robin R. De Leo, the De Leo Law Firm, LLC, 800 Ramon St., Mandeville, LA 70448.

2. American Educational Services, Eddie Upshaw Registered Agent, Rt. 2, Box 15, Spearsville, Louisiana 71277. No counsel of record.

3. Maine Educational Services, Jonathan S.R. Beal, Registered Agent, PO Box 1400, Portland, Maine 04104. No counsel of record.

---

[1] Saba expects that, if the instant Motion is granted, claims against Saba would move forward in the District Court while claims related to dischargeability against the other defendants would move forward in Bankruptcy Court. To the extent necessary, Saba asks the Court alternatively sever Saba pursuant to Federal Rule of Civil Procedure 21 and Federal Rule of Bankruptcy Procedure 7021.

2

4.  Navient Solutions, Inc., Corporate Service Company, 320 Somerulos St., Baton Rouge, Louisiana 70802.  No counsel of record.

5.  FCDB NPSL LLC, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  No counsel of record.

6.  Deutsche Bank, 60 Wall Street 36th Floor, New York, New York 10005.  No counsel of record.

7.  Key Bank, N.A.  Represented by Earl F. Sundmaker, The Sundmaker Firm, 1027 Ninth St., New Orleans, Louisiana 70115.

8.  Educational Credit Management Corporation.  Represented by Heather A. LaSalle, McGlinchey Stafford, PLLC, 601 Poydras Street, 12th Floor, New Orleans, Louisiana 70130.

## IV. FACTUAL BACKGROUND

1.  Plaintiffs filed a bankruptcy petition initiating a Chapter 7 bankruptcy case, Case No. 14-11638 (the "Bankruptcy Case"), on June 25, 2014.  Saba did not file a proof of claim in the Bankruptcy Case.  Plaintiffs received a discharge on September 29, 2014.  (Bankr. Doc. 14).

2.  Several years prior to their bankruptcy, Plaintiffs were medical students at Saba.  Plaintiffs filed this adversary proceeding on March 12, 2015, primarily seeking a discharge of their student loan obligations against various student loan companies.  (Doc. 1).  Alternatively, Plaintiffs assert claims directly against Saba for the recovery of damages.

3.  Plaintiffs' Amended Complaint purports to assert two causes of action against Saba—fraudulent misrepresentation and breach of contract.  These allegations are generally as set forth below:

- Plaintiffs assert: "To the extent that Fowler's Student Loans are not found to be dischargeable, the debt and accrued interest otherwise payable by

3

> Fowler should be recoverable from Saba as it paid itself proceeds for school attendance while simultaneously denying Fowler access to school." (Doc. 1, ¶77).

- Plaintiffs assert that Saba made a fraudulent misrepresentation damaging to Ms. Fowler during "Semesters 6, 7, and 8" of Ms. Fowler's studies at Saba. (Doc. 58, ¶¶ 76.1 - 77.3)

- Plaintiffs further asserts that the "intentional tort" of fraudulent misrepresentation renders SABA liable for her student loan debt and her attorneys' fees (Doc. 58, ¶¶ 77.1-77.3)

- Plaintiffs assert that "Saba breached its contract" (consisting of student handbook, financial aid applications and billing statements) with Ms. Fowler "by failing to provide any service in exchange for the student loan proceeds received by Saba for Semesters 6, 7, and 8." (Doc. 58, ¶¶ 78.1 - 78.11).

- Plaintiffs assert that Saba breached its contract (consisting of student handbook, financial aid applications and billing statements) with Mr. Demmons by failing "to return the loan proceeds as set forth in the Student Handbook." (Doc. 58, ¶¶80.83)

- Plaintiffs further assert that Saba breached its contract with Mr. Demmons by failing to remit student loan proceeds within certain timeframes. (Doc. 58, ¶¶ 80.4-80.11)

4. Saba did not file a claim in Plaintiffs' bankruptcy case. Moreover, Saba has not asserted a counterclaim seeking any recovery from Plaintiffs.

## V. ARGUMENT IN SUPPORT OF MOTION TO WITHDRAW REFERENCE

The District Court should withdraw the reference for two independent reasons. First, withdrawal of the reference is mandatory because the Bankruptcy Court lacks the constitutional authority to adjudicate the claims against Saba. Second, the permissive factors for withdrawal of the reference weigh in favor of withdrawal in this case.

### A. **The Bankruptcy Court Lacks Constitutional Authority to Adjudicate Plaintiffs' Purported Claims Against Saba.**

Withdrawal of the reference is required in this case because the Bankruptcy Court lacks constitutional authority to adjudicate state law claims that are independent of federal bankruptcy

4

law and are not necessarily resolvable by a ruling on that creditor's proof of claim in bankruptcy. *See Stern v. Marshall*, 131 S. Ct. 2594, 2611 & 2620 (2011); *In re Frazin*, 732 F.3d 313, 319-20 (5th Cir. 2013). This is such a case.

To begin, it is appropriate to dispose of any argument that the Bankruptcy Court may adjudicate this case because it is (or may be) a "core" proceeding under 28 U.S.C. § 157(b). Plaintiffs have alleged their claims are "core" under 28 U.S.C. § 157(a)(2), without identifying a subsection. (Doc. 1, ¶ 7). Regardless, *Stern* instructs that the nomenclature of "core" or "non-core" is meaningless if the claims asserted are state law claims, and that is exactly what Plaintiffs assert against Saba. Congress's grant of authority to the bankruptcy courts to adjudicate such claims was unconstitutional. *Stern*, 131 S. Ct. at 2620. *Stern* mandates that the District Court—and not the Bankruptcy Court—must adjudicate these state law claims. *See id.*; *see also N. Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 53 (1982) (holding that assignment of state law claims unrelated to bankruptcy proceedings to bankruptcy courts "violated Art. III of the Constitution.").

The same constitutional infirmity which rendered the bankruptcy court powerless to enter a final order in *Stern* exists in this case—Plaintiffs' state law claims are not resolvable by a ruling on Saba's claim in bankruptcy. After all, Saba has not asserted a claim in Plaintiffs' bankruptcy case or a counterclaim seeking payment of any type. Rather, Plaintiffs claims are completely separate claims for damages against Saba. Moreover, the state law claims have no bearing on the Plaintiffs' bankruptcy estate. *See Frazin*, 732 F.3d at 319-20. Plaintiffs received their discharge on September 30, 2014. (Bankr. Doc. 14). The estate no longer exists.

When a suit is grounded in state law, "the responsibility for deciding that suit rests with Article III judges in Article III Courts." *Stern*, 131 S. Ct. at 2609. Plaintiffs' claims for breach

5

of contract and fraudulent misrepresentation with respect to Saba rest in state law. Although Congress purported to vest the bankruptcy courts with core jurisdiction over Plaintiffs' state law claims, the Bankruptcy Court cannot exercise that authority unless it is also constitutional to do so. *See Samson v. Blixseth (In re Blixseth)*, Adversary No. 10-00088, 2011 WL 3274042, at *10 (Bankr. D. Mont. Aug. 1, 2011) (citing *Stern*, 131 S. Ct. 2594). It cannot exercise authority in this case. The adjudication of Plaintiffs' state law claims would be "an unconstitutional usurpation of the judiciary's power under Article III." *See id.* (citing *Stern*, 131 S. Ct. at 2620).

Plaintiffs' claims must be decided by the District Court because the Bankruptcy Court lacks "constitutional authority to enter a judgment." *Stern*, 131 S. Ct. at 2620. The reference to the Bankruptcy Court must be withdrawn. *See id*.

### B. The Permissive Factors for Withdrawal of the Reference Weigh in Favor of Withdrawal in this Case

A defendant in an adversary proceeding may move to withdraw the reference of the adversary proceeding to the district court pursuant to 28 U.S.C. § 157(d). Section 157(d) provides for "permissive" withdrawal of the reference for any proceeding: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985).

Although 28 U.S.C. § 157(d) does not define "cause shown" in the context of permissive withdrawal of the reference, the Fifth Circuit's decision in *Holland America* outlines six factors that courts should consider when evaluating a motion to withdraw on this ground. *Holland Am.*, 777 F.2d at 998-99. These six factors are: 1) whether the underlying lawsuit is a core or a non-core proceeding; 2) whether a party has demanded a jury trial; 3) whether promotion of uniformity in bankruptcy administration will be achieved; 4) whether there will be economical

use of debtors' and creditors' resources; 5) whether forum shopping and confusion will be reduced; and 6) whether the withdrawal of the reference will expedite the bankruptcy process. *Id*. Based on these factors, the District Court should withdraw the reference of this adversary proceeding for "cause shown" pursuant to 28 U.S.C. § 157(d).

### i. Plaintiffs' state law claims are non-core proceedings.

District courts may refer to bankruptcy courts the power to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). The statute presents a non-exclusive list of core proceedings, followed by a catch-all provision covering "other proceedings affecting the liquidation of assets of the estate." 28 U.S.C. § 157(b)(2)(O). The Fifth Circuit limits "core" proceedings to those proceedings invoking "a substantive right provided by title 11" or proceedings that "could arise only in the context of a bankruptcy case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 95-97 (5th Cir. 1987); *Skamser v. Nat'l Union Fire Ins Co. (In re EbaseOne Corp.)*, No. 01-31527-H4-7, 2006 WL 2405732, at *3 (Bankr. S.D. Tex. June 14, 2006). Non-core proceedings do not invoke a substantive right created by federal bankruptcy law and could arise outside of the bankruptcy context. *In re Wood,* 825 F.2d at 97. Ultimately, if a matter could proceed in another court absent a bankruptcy, then that matter is probably a non-core proceeding. *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 117-18 (Bankr. N.D. Tex. 2006). Any final order or judgment in a non-core proceeding must be entered by a district court. 28 U.S.C. § 157(c)(1).

The core/non-core distinction is ordinarily the "starting point" for evaluating the merits of a motion to withdraw the reference. *Mirant*, 337 B.R. at 115-16. Because bankruptcy courts have a restricted judicial role in non-core proceedings, non-core status supports withdrawal of the reference. *Mirant*, 337 B.R. at 115-16.

In this case, Plaintiffs assert exclusively state law claims against Saba for breach of contract and fraudulent misrepresentation. These claims do not impact the bankruptcy estate as the estate ceased to exist at discharge. The claims do not arise under Title 11 and could arise outside of bankruptcy. Thus, the instant case involves non-core claims that justify permissive withdrawal of the reference to the District Court. Accordingly, the first of the factors supports withdrawal of the reference of this Adversary Proceeding. *See Holland Am.*, 777 F.3d at 998-99 (holding that the fact that an adversary proceeding is non-core favors withdrawal of the reference).

  ii. **Withdrawal of the reference will provide for more economical use of the parties' resources.**

In deciding whether to withdraw the reference, courts also look generally to issues of judicial efficiency. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures)*, 4 F.3d 1095, 1101 (2d Cir. 1993). This broad consideration includes the need to promote the economical use of the debtors' and creditors' resources, the need to avoid confusion, and the need to expedite the bankruptcy process. *Holland Am.*, 777 F.2d at 999. When examining the economical use of party resources, courts should weigh the need to avoid future expenses and the waste that would be produced by prematurely withdrawing a case from bankruptcy court. *See In re EbaseOne*, 2006 WL 2405732, at *5; *see also In re British Am. Props.*, 369 B.R. 322, 328 (Bankr. S.D. Tex. 2007).

Courts have considered the inevitability of district court action in a proceeding when determining whether to withdraw the reference. *See Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 765 (S.D. Tex. 2007); *In re EbaseOne*, 2006 WL 2405732, at *5. If the proceeding is a non-core proceeding, which requires the district court to enter the final order, then the district court could more efficiently adjudicate the dispute once and for all rather than having the

bankruptcy court hold a trial followed by the district court's *de novo* review of the proceedings. *See In re British Am. Props.*, 369 B.R. at 328; *In re EbaseOne*, 2006 WL 2405732, at *5; *see also Mirant*, 337 B.R. at 122. In this case, Saba has not consented to final adjudication of the Adversary Proceeding by the Bankruptcy Court. Thus, since Plaintiffs' causes of action include non-core proceedings, the District Court will have to enter a final judgment. By withdrawing the reference of the entire proceeding, the parties can avoid litigating in multiple forums and instead have one proceeding in the one forum with authority to adjudicate all of Plaintiffs' causes of action.

      **iii.**     **Saba is not engaged in forum shopping.**

A motion to withdraw the reference should not be used as an attempt for last minute forum shopping. *Veldekens*, 362 B.R. at 769. This factor challenges courts because "in some sense, any party who objects to Bankruptcy Court adjudication is forum shopping." *Id*. On the other hand, changes in the nature of proceedings or relationship between parties can justify new jurisdictional arguments without raising fears of forum-shopping. *See id*. The bankruptcy court in the Southern District of Texas has found that a motion to withdraw the reference was not forum shopping when the party filed the motion as "nothing more than a reasonable effort to have a non-core proceeding litigated with a minimum of time and expense." *In re EbaseOne*, 2006 WL 2405732, at *4. Saba seeks the same result here. This Motion does not constitute "forum shopping."

      **iv.**     **The remaining factors favor withdrawal of the reference.**

The remaining factors further support withdrawal of the reference. While Plaintiffs have not made a jury trial demand, withdrawal of the reference raises no concerns regarding a lack of uniformity in bankruptcy administration and further raises no concerns regarding the speed of the

9

bankruptcy process. No bankruptcy administration or process remains at all following Plaintiffs' discharge.

## VI. CONCLUSION

Because Plaintiffs' claims against Saba raise arise exclusively under state law and bear no relationship to any claim asserted by Saba in the Bankruptcy Case, the District Court must withdraw the reference. The Bankruptcy Court simply lacks the constitutional authority to enter final judgment in this matter. Alternatively, even if the District Court is not required to withdraw the reference, the District Court should exercise its discretion to do so, because several causes of action are non-core, Saba has not consented to the Bankruptcy Court's final adjudication of this matter, and the resources of the parties and the judicial process would benefit from such withdrawal.

WHEREFORE PREMISES CONSIDERED, Saba prays that the District Court withdraw the reference, and grant it such other relief in equity or law to which it shows itself justly entitled.

Dated: November 23, 2015            Respectfully Submitted,

By: */s/ Bradley C. Knapp*

C. Davin Boldissar (La. #29094)
Bradley C. Knapp (La. # 35867)
Locke Lord LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 558-5200

*Attorneys for R3 Education Inc., dba Saba University School of Medicine*

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of November 2015, the foregoing has been caused to be served on the following parties in this matter by mailing a copy thereof by first class U.S. mail, postage prepaid, with all other parties served through the Court's CM/ECF system:

American Educational Services
Eddie Upshaw, Registered Agent
Rt 2, Box. 15
Spearsville, LA 71277

Maine Educational Services
National Education Association
Jonathan S R Beal, Registered Agent
PO Box 1400
Portland, ME 04104

Navient Solutions, Inc.
Corporate Service Company, Registered Ag
320 Somerulos St.
Baton Rouge, LA 70802-6129

FCDB NPSL LLC
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

FCDB NPSL LLC
c/o Goal Structured Solutions
401 West A Street, Suite 1300
San Diego, CA  92101

*/s/ Bradley C. Knapp*
Bradley C. Knapp

NO:1451240/00041:180848v1